IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EDWIN O. FLORES, individually and doing business as EL TAZUMAL RESTAURANT, <br><br> Defendant. | Case No.: 1:10-cv-02103 AWI JLT <br><br> ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF THE APPLICATION FOR DEFAULT JUDGMENT <br><br> (Doc. 9) |

J & J Sports Productions, Inc., ("Plaintiff") seeks the entry of default judgment against Edwin O. Flores, individually and doing business as El Tazumal Restaurant ("Defendant"). (Doc. 9). The motion is unopposed. For the following reasons, Plaintiff is directed to file supplemental briefing in support of the application for default judgment.

**I. Procedural History**

On November 10, 2010, Plaintiff filed its complaint against Defendant, alleging violations of 47 U.S.C. § 605, *et seq.*; 47 U.S.C. § 533, *et seq.*; and the California Business and Professions Code § 17200, *et seq.* (Doc. 1 at 3-8). In addition, Plaintiff alleges Defendant is liable for wrongful conversion of property, arising under California State law. *Id.* at 6-7. Plaintiff alleges it possessed the exclusive rights to the nationwide commercial distribution of "Firepower: Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program" ("the Program"), televised on

November 14, 2009. *Id.* at 3. Plaintiff's claims are based upon the defendants' alleged unlawful interception and broadcast of the Program.

Defendant was properly served with the complaint, but failed to respond within the time prescribed by the Federal Rules of Civil Procedure. Upon application of Plaintiff, and pursuant to Fed.R.Civ.P. 55(a), default was entered against Defendant on February 9, 2011. (Doc. 7). Plaintiff filed its application for default judgment on September 14, 2010. (Doc. 9).

## II.   Applications for Default Judgment

The Federal Rules of Civil Procedure govern applications to the Court for issuance of default judgment. Where a default was entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed.R.Civ.P. 55(a)-(b). An application for default judgment qualifies as a motion before the Court. *Johnson v. Cate*, 2009 U.S. Dist. LEXIS 57942, at *2 (E.D. Cal. June 23, 2009). Therefore, Plaintiff's application "should include briefs on the pertinent issues." *Id.*; *see also* Local Rule 230(b).

## III.   Default Judgment

In determining whether to enter default judgment, the factual assertions of Plaintiff are taken as true because default has been entered against Defendant. *Pope v. United States*, 323 U.S. 1, 22 (1944). In its complaint, Plaintiff asserted that it (J & J Sports Productions) was granted the exclusive domestic commercial distribution rights to the Program. (Doc. 1 at 3-4). In addition, Mr. Gagliardi, president of J & J Sports Productions, stated his company "purchased and retains the commercial exhibition licensing rights" to the Program. (Doc. 9, Decl. of Joseph Gagliardi at 2). However, in spite of these assertions, Plaintiff has provided evidence that indicate another company possessed the licensing rights. The rate sheet for the Program states:

> All commercial locations that have been licensed to carry this event must have a valid license agreement from the OFFICIAL CLOSED-CIRCUIT PROVIDER, G&G Closed Circuit Events, Inc. There is NO OTHER LEGAL LICENSOR. Any location that has not been licensed by this provider will be considered a PIRATE and TREATED ACCORDINGLY.

(Decl. of Joseph Gagliardi, Exh. 1). Moreover, the rate sheet names G & G Closed Circuit Events and its representative as the contact for any questions regarding the purchase of packages. *Id.*

Notably, the complaint, the application for default and its supporting documents are devoid of allegations connecting J & J Sports Productions and G&G Closed Circuit Events.  (*See* Docs. 1, 9). According to the evidence, *there is no other legal licensor* than G & G Closed Circuit Events, and Plaintiff could not have been a legal licensor and possessed the exclusive distribution rights to the Program.

Since Plaintiff has not established that it has the distribution rights, it has not met the burden of establishing that it is the party aggrieved, and has not stated a claim upon under 47 U.S.C. § 605 or for the tort of conversion.  *See* 47 U.S.C. § 605(d)(6) (A "person aggrieved" includes a party "with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming"); *see also Greka Integrated, Inc. v. Lowrey*, 133 Cal.App.4th 1572, 1581, 35 Ca. Rptr. 3d 684 (2005) ("elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages").  Notably, in J&J Sports Productions, Inc., case number 1:10-cv-02085 OWW JLT, the Court discovered that Plaintiff, the same plaintiff here, made the same error.  (Doc. 13 at 5, n 1) The Court noted, ". . . Plaintiff is reminded that it is Plaintiff's obligation, not the Court's, to support its motion with evidence that is consistent with its complaint and in the future, **the Court will not cure this defect for Plaintiff**." Emphasis in the original.  Nevertheless, once again, Plaintiff has filed its standard pleadings and, in doing so, failed to prove this most basic element of the torts. Therefore, Plaintiff is not entitled to recover damages for either claim based upon the state of the evidence.  However, rather than further waste judicial resources, Plaintiff is granted an opportunity to submit supplemental briefing supported by evidence correcting this error.[1]

**IV.  Conclusion**

As addressed above, Plaintiff has not demonstrated that it had the right to license broadcasting of the Program.  Because Plaintiff failed to establish it is entitled to damages, it is now ordered to do so by providing evidence to the court such as a copy of the alleged contract by which it

---

[1] **Once again, Plaintiff is admonished to correct this omission in future filings.**

3

purchased the distribution rights to the Program.  Upon receipt of the supplemental pleadings, the Court will revisit whether default judgment is appropriate by weighing factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Therefore, the Court hereby **ORDERS:**  Plaintiff **SHALL FILE** supplemental points and authorities supported by evidence in support of the application for default judgment, addressing the issues set forth above, no later than March 30, 2011.

IT IS SO ORDERED.

Dated:   **March 14, 2011**                                                         **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE