IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EDWIN O. FLORES, individually and doing business as EL TAZUMAL RESTAURANT, <br><br> Defendant. | Case No.: 1:10-cv-02103 AWI JLT <br><br> ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT <br><br> (Doc. 18) <br><br> ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br> (Doc. 9) |

J & J Sports Productions, Inc. ("Plaintiff") seeks the entry of default judgment against Edwin O. Flores, individually and doing business as El Tazumal Restaurant ("Defendant"). (Doc. 9). Defendant seeks to have the entry of default set aside by the Court. (Doc. 18). The Court reviewed the motions and supporting documents and determined that these matters are suitable for decision without oral argument pursuant to Local Rule 230(g).

For the following reasons, Defendant's motion to set aside entry of default is **GRANTED**. As a result, Plaintiff's motion for entry of default judgment (Doc. 9), is **DENIED AS MOOT**.

**I.  Procedural History**

On November 10, 2010, Plaintiff filed its complaint against Defendant, alleging violations of the Communications Act of 1934 (47 U.S.C. § 605, *et seq.*), the Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 533, *et seq.*) and the California Business and

Professions Code § 17200, *et seq*. (Doc. 1 at 3-8). In addition, Plaintiff alleges Defendant is liable for wrongful conversion of property, arising under California State law. *Id.* at 6-7. Plaintiff alleges it possessed the exclusive rights to the nationwide commercial distribution of "Firepower: Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program" ("the Program"), televised on November 14, 2009. *Id.* at 3. Plaintiff's claims are based upon Defendant's alleged unlawful interception and broadcast of the Program.

Defendant failed to respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure. Pursuant to Fed.R.Civ.P. 55(a), default was entered against Defendant on February 9, 2011. (Doc. 7). Plaintiff filed its application for default judgment on March 10, 2010. (Doc. 9). On March 30, 2011, Plaintiff filed a supplemental affidavit following the Court's order, addressing its relationship with G & G Closed Circuit Events, and provided a copy of the agreement in which Plaintiff acquired the exclusive license to distribute the Program. (Doc. 11).

On April 15, 2011, Defendant appeared and opposed Plaintiff's application for default judgment, (Doc. 13), moved to have his opposition be considered by the Court (Doc. 15), and filed his motion to set aside the entry of default by the clerk (Doc. 18). Plaintiff replied to the opposition on April 22, 2011. (Doc. 19). In addition, Plaintiff filed its opposition to Defendant's motion to set aside default on May 2, 2011 (Doc. 20), to which Defendant replied on May 9, 2011. (Doc. 22).

**II. Motion to set aside default**

The Federal Rules of Civil Procedure govern the entry of default. Once default has been entered by the clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 614 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). The standard for good cause "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* On the other hand, when the moving party seeks

timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986), quoting *Schwab v. Bullocks Inc.*, 509 F.2d 353, 355 (9th Cir. 1974). Moreover, the Ninth Circuit has opined "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

### A. Culpable Conduct

In the Ninth Circuit, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group*, 244 F.3d at 697, quoting *Alan Newman Prods. v. Albright*, 862 F.3d 1388, 1392 (9th Cir. 1988). Further, actions may be found culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Defendant argues his failure to respond was not culpable conduct and that he "made a reasonable mistake in not fully understanding [the] duty to respond by filing an answer in court for numerous reasons." (Doc. 18 at 7). First, Defendant asserts he did not receive proper notice of the lawsuit before the answer was due. *Id.* at 6-7. Second, Defendant states he "primarily speaks Spanish and is unfamiliar with the procedures of lawsuits, not having ever been sued previously." *Id.* at 7. After receiving the motion for default judgment, Defendant attempted to communicate with Plaintiff's counsel rather than moving to set aside default. *Id.* On April 14, 2011, Defendant retained an attorney because he was unable to settle the matter with Plaintiff and Defendant knew of the hearing regarding default judgment on April 18, 2011. *Id.* at 14. On April 15, 2011, Defendant filed the motion now before the Court to set aside default.

The Court finds Defendant has offered a sufficient explanation as to why he failed to timely respond to the complaint. The facts demonstrate Defendant attempted to resolve the matter upon receiving notice of the motion for default judgment with Plaintiff, and retained an attorney with the settlement attempts failed. There are no facts demonstrating Defendant acted in bad faith or failed to answer with "any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *See TCI Group*, 224 F.3d at 697.

B.   Meritorious Defense

In seeking to vacate a default judgment, a defendant "must present specific facts that would constitute a defense." *TCI Group*, 244 F.3d at 700. However, the burden "is not extraordinarily heavy." *Id.* "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . ." *Mesle*, 5106 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). Thus, a defense does not have to be proven by a preponderance of the evidence, but the moving party must establish "a factual or legal basis for the tendered defense." *Tri-Con't Leasing Corp., Inc. v. Zimmerman*, 485 F.Supp. 496, 497 (N.D. Cal. 1980).

Defendant states, "[D]uring all times he owned and operated El Tazumal Restaurant he always maintained what he believed was a lawful television service with a reputable television service provider." (Doc. 18 at 11). According to Defendant, "If he did not pay the correct commercial rate to show a particular program such as the boxing match at issue, that was because the television signal provider charged the wrong amount and he was reasonably relying upon them to provide a lawful television service to what was obviously a restaurant." *Id.*

Plaintiff argues Defendant does not have a meritorious defense because "[a]ll Defendant offers is a general denial, which does not satisfy the standard." (Doc. 20 at 4) (citing *Franchise Holdings II*, 375 F.2d at 936). In addition, Plaintiff asserts that it is irrelevant whether Defendant was aware his television service provider was not charging the correct rate "because 47 U.S.C. §§ 605 and 553 are strict liability offenses." *Id.*

Notably, because Plaintiff has alleged violations of *both* the Communications Act and the Cable & Television Consumer Protection Act, Defendant has a meritorious defense because the allegations are contradictory. *See J & J Sports Prods. v. Prado*, 2008 U.S. Dist. LEXIS 29519, at * 7 (E.D. Cal. Mar. 27, 2008) (citing Schzwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 6:48). The Court explained:

> Plaintiff's first claim is for violation of § 605 of the Communications Act. Section 605 prohibits unauthorized interception of any radio communication. [Citation] The term 'radio' includes satellite transmissions. [Citation]. Plaintiff's second claim is for violation of § 553 of the Cable & Television Consumer Protection Act. Section 552 applies to any communications service offered over a cable system. [Citation]. Since § 605 covers satellite communications and § 553 covers cable, guilt under one statute is a defense to the other.

*Id.* at *7-8 (internal quotations and citations omitted).  Therefore, because Defendant can only be liable under one statute, Defendant has satisfied the requirement of a meritorious defense. Moreover, Defendant's claim raises an inference that he was authorized to broadcast the Program, which provides another defense to Plaintiff's allegations.

### C.   Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case."  *TCI Group*, 244 F.3d at 701.  The relevant inquiry is "whether [the plaintiff's] ability to pursue is claim will be hindered.  *Falk*, 739 F.2d at 463.  A delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" for the setting aside of default to be prejudicial to the plaintiff.  *TCI Group*, 244 F.3d at 701 (citing *Thomspon v. American Home Assur.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).

Defendant asserts, "Plaintiff has suffered no credible harm due to the short delay that may have been caused by defendant's failure to formally respond to the complaint and summons in a more timely fashion."  (Doc. 18 at 12).  On the other hand, Plaintiff argues that Defendant "bases his meritorious defense on a fraudulent act, i.e., obtaining a residential signal for a broadcast in a commercial establishment."  (Doc. 20 at 10).  Plaintiff argues the setting aside of default creates "an opportunity for further such fraudulent behavior."  *Id.*  However, broadcast of the program is an issue that goes to the merits of the case, and litigation of the merits cannot be considered prejudicial.  *TCI Group*, 244 F.3d at 701.  Therefore, Plaintiff has not established that it is prejudiced if default is set aside by the Court.

### D.   Conclusion

Defendant has shown good cause exists for the entry of default to be set aside.  Defendant did not act culpably when he failed to answer the complaint, he has meritorious defenses, and Plaintiff will not be prejudiced if the default is set aside.  Therefore, the Court is acting within its discretion to set aside the entry of default and deny the entry of default judgment.  *See Mendoza,* 783 F.2d at 945-46 (9th Cir. 1986).

///

///

**III.  Motion for default judgment**

In light of the Court's order setting aside the default entered against Defendant, Plaintiff's motion for default judgment is **DENIED** as **MOOT**.

**ORDER**

Based upon the foregoing, the Court hereby **ORDERS:**

1. Plaintiff's motion to set aside the default is **GRANTED**;
2. Defendant's motion for default judgement is **DENIED** as **MOOT**.

IT IS SO ORDERED.

Dated:  **May 18, 2011**                                          /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE