IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br>  Plaintiff, <br><br>    v. <br><br> EDWIN O. FLORES, individually and d/b/a EL TAZUMAL RESTAURANT, <br><br>  Defendant. | Case No.: 1:10-cv-02103 AWI JLT <br><br> ORDER TO DENY RECONSIDERATION (Doc. 27.) |

J & J Sports Productions, Inc., ("Plaintiff") seeks reconsideration of this Court's decision granting Edwin O. Flores' ("Defendant") Motion to Set Aside the Default and denying Plaintiff's Application for Default Judgment in regards to Plaintiff's telecast piracy claims. (Doc. 27.) A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d

1

1  136, 144 (2d Cir. 1998).  "A party seeking reconsideration must show more than a disagreement with
2  the Court's decision, and recapitulation of the cases and arguments considered by the court before
3  rendering its original decision fails to carry the moving party's burden." *United States v. Westlands*
4  *Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted).  "To succeed, a
5  party must set forth facts or law of a strongly convincing nature to induce the court to reverse its
6  prior decision." *Id*.
7        Reconsideration is appropriate if the district court: (1) is presented with newly discovered
8  evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is
9  presented with an intervening change in controlling law.  *School District 1J, Multnomah County v.*
10 *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).  In addition,
11 there may be other highly unusual circumstances warranting reconsideration.  *Id*.  Under this Court's
12 Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or
13 circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or
14 what other grounds exist for the motion" and "why the facts or circumstances were not shown at the
15 time of the prior motion."
16       Plaintiff asserts this Court's Order was "clearly in error" and "demonstrates a manifest
17 showing of a failure to consider material facts presented to the Court before its decision." (Doc. 27
18 at 2.)  Plaintiff argues Defendant's Motion to Set Aside Default should have been denied, because
19 Defendant failed to satisfy the "good cause" standard. (*Id*. at 4.)
20       Plaintiff's first contention is that the Court erred in concluding Defendant has a meritorious
21 defense. (*Id*.)  Plaintiff asserts the inference that Defendant was authorized to broadcast the program
22 may not be equated with the specific facts necessary to satisfy the meritorious defense standard and
23 lacks a factual or legal basis. (*Id*. at 5.)  This assertion does nothing more than disagree with the
24 Court's decision by reiterating the arguments made in Plaintiff's Opposition to Defendant's Motion
25 to Set Aside Default, which, per *Westlands*, is insufficient to justify reconsideration.  Additionally,
26 Plaintiff takes issue with the Court's conclusion that liability under either 47 U.S.C. § 605 or 47
27 U.S.C. § 553 is necessarily a defense to the other. (*Id*. at 6.)  However, this conclusion is shared by
28 several district courts, because cumulative awards are inappropriate in regards to two distinct types

of piracy. *See, e.g.*, *J & J Sports Prods., Inc. v. Prado*, 2008 U.S. Dist. LEXIS 29519, at *7 (E.D. Cal. Mar. 27, 2008); *Joe Hand Promotions, Inc. v. Kaczmar*, 2008 U.S. Dist. LEXIS 88199 (N.D. Ill. Oct. 29, 2008); *Joe Hand Promotions, Inc. v. Chapa*, 2009 U.S. Dist. LEXIS 64004 (S.D. Tex. July 22, 2009). Plaintiff maintains that even if liability under one is a defense to the other, necessarily Defendant would be liable under one of the sections. (Doc. 27 at 6.) However, this does not militate against a proper finding that there is a meritorious defense and this same argument was rejected in *Prado*. *J & J Sports Prods., Inc. v. Prado*, 2008 U.S. Dist. LEXIS 29519, at *8.

Notably, though Plaintiff sought default judgment only under § 605, it did not seek to dismiss the § 553 claim. Thus, on the current pleading, Defendant *could be found liable* under § 553, which would mean that he *is not liable* under § 605. Thus, granting default judgment, based upon liability under § 605 as sought here, poses the very real possibility that the judgment is issued in error. Instead, there is a reasonable possibility that, after a full review of the merits of the case, the ultimate result may differ from that achieved by default.[1] *See Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (requiring a determination of "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default" in evaluating the existence of a meritorious defense); *United States v. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001)) ("All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]").

Next, Plaintiff argues the Court erred in finding that the actions of Defendant were not culpable. (Doc. 27 at 7.) The Order states, "[a]fter receiving the motion for default judgment, Defendant attempted to communicate with Plaintiff's counsel rather than moving to set aside default[]" and retained an attorney after he was unable to settle the matter. (Doc. 23 at 3.) Plaintiff asserts Defendant's allegations of engaging in "settlement negotiations" were "disingenuous," in light of the fact that his primary language is Spanish and he has never been sued before. (Doc. 27 at

---

[1] Plaintiff's argument that it is of no moment whether Defendant is liable under one section or an entirely different section because, ultimately, the question is only the proper measure of damages. This approach of "the-ends-justifies-means," ignores the Court's obligation to ensure that liability is properly founded.

3

7.)  However, making settlement attempts could include something as minuscule as calling the Plaintiff to discuss the matter; something Defendant could have done regardless of his primary language or legal experience.[2]  Additionally, Plaintiff contends the case law Defendant and the Court relied on in respect to whether Defendant received proper notice was "wholly irrelevant."  (*Id*. at 8.)  In making this argument, Plaintiff cites his Opposition to Defendant's Motion to Set Aside Default, merely reiterating the same arguments.  (*Id*.)  As noted above, this is insufficient to justify reconsideration.

Last, Plaintiff argues the Court erred in finding that it would not suffer prejudice if the default was set aside.  Defendant asserted "'Plaintiff has suffered no credible harm due to the short delay that may have been caused by [D]efendant's failure to formally respond to the complaint and summons in a more timely fashion.'"  (Doc. 23 at 5) (citing Doc. 18 at 12.)  Plaintiff argues this is nothing more than a conclusion that "Plaintiff has not been prejudiced because Plaintiff has not been prejudiced[,]" which fails to meet Defendant's burden.  (Doc. 27 at 8.)  However, this argument falls short of the standard for reconsideration.  Plaintiff is merely disagreeing with the Court's findings.  Plaintiff has failed to bring forth any new evidence or facts which demonstrate that their ability to pursue their claims will be hindered by the setting aside of default.

For the reasons discussed above, the motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated:  **June 17, 2011**                                                          **/s/ Jennifer L. Thurston**
                                                                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Notably, though Plaintiff chastises Defendant for failing to detail his settlement offer, Plaintiff does not deny that this contact occurred or that a settlement offer was made.

4