IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br>    Plaintiff, <br><br>    v. <br><br>EDWIN O. FLORES, individually and doing business as EL TAZUMAL RESTAURANT, <br><br>    Defendant. | Case No.: 1:10-cv-02103 AWI JLT <br><br>ORDER DENYING MOTION TO SEAL DOCUMENTS <br><br>(Doc. 39) |

    Before the Court is the motion filed by counsel who previously represented Defendant, to seal the document upon which his motion to withdraw is based. (Doc. 39) Counsel argues that sealing would ensure that Defendant would not be prejudiced by the disclosure of the information upon the motion to withdraw was based. (Doc. 39-1 at 1-2) In particular, counsel is concerned that Plaintiff will use this information to Defendant's detriment in this proceeding. Id.

    A motion to seal documents that are part of the judicial record requires the moving party to demonstrate "compelling reasons" to justify the order. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.' Kamakana, 447 F.3d at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that 'compelling reasons supported by specific factual

1

1  findings . . . outweigh the general history of access and the public policies favoring disclosure.' Id. at
2  1178-79 (internal quotation marks and citations omitted)."   Likewise, Local Rule 141(b) provides,

> The "Request to Seal Documents" **shall set forth the statutory or other authority for sealing**, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information.

Id., emphasis added.

As noted above, counsel advances little justification for his request.  He does not cite any authority for the proposition that the material which he seeks to be sealed *should* be sealed. Though counsel's concern that his client will be confronted with the facts underlying the motion to withdraw is admirable, this does not constitute a compelling reason justifying the Court sealing the documents. Instead, the admissibility of this type of information is well-regulated by the Rules of Evidence. Therefore, the request to seal documents is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 20, 2012**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE