1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   J & J SPORTS PRODUCTIONS, INC.,              )   Case No.: 1:10-cv-02103 AWI JLT
                                                  )
12                      Plaintiff,                )   ORDER DENYING MOTION TO SEAL
                                                  )   DOCUMENTS
13          v.                                    )
                                                  )   (Doc. 39)
14   EDWIN O. FLORES, individually and doing      )
     business as EL TAZUMAL RESTAURANT,           )
15                                                )
                                                  )
16                      Defendant.                )
     _____ )

17

18          Before the Court is the motion filed by counsel who previously represented Defendant, to

19   seal the document upon which his motion to withdraw is based.  (Doc. 39) Counsel argues that

20   sealing would ensure that Defendant would not be prejudiced by the disclosure of the information

21   upon the motion to withdraw was based.  (Doc. 39-1 at 1-2)  In particular, counsel is concerned that

22   Plaintiff will use this information to Defendant's detriment in this proceeding.  Id.

23          A motion to seal documents that are part of the judicial record requires the moving party to

24   demonstrate "compelling reasons" to justify the order.  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665,

25   678 (9th Cir. 2010).  "This standard derives from the common law right 'to inspect and copy public

26   records and documents, including judicial records and documents.'  Kamakana, 447 F.3d at 1178

27   (citation and internal quotation marks omitted). To limit this common law right of access, a party

28   seeking to seal judicial records must show that 'compelling reasons supported by specific factual

                                                  1

1  findings . . . outweigh the general history of access and the public policies favoring disclosure.' Id. at

2  1178-79 (internal quotation marks and citations omitted)."  Likewise, Local Rule 141(b) provides,

3  > The "Request to Seal Documents" **shall set forth the statutory or other authority for sealing**, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information.

4

5  Id., emphasis added.

6  As noted above, counsel advances little justification for his request.  He does not cite any

7  authority for the proposition that the material which he seeks to be sealed *should* be sealed. Though

8  counsel's concern that his client will be confronted with the facts underlying the motion to withdraw

9  is admirable, this does not constitute a compelling reason justifying the Court sealing the documents.

10  Instead, the admissibility of this type of information is well-regulated by the Rules of Evidence.

11  Therefore, the request to seal documents is **DENIED**.

12

13  IT IS SO ORDERED.

14  Dated:   **March 20, 2012**                                           **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28